Chief Justice Robertson,
delivered tl e opinion of the Court
Thomas Lillard and Mark Lillard are plaintiffs in this writ of error, prosecuted to reverse a judgment obtained against Thomas Lillard only, Tho act of 1826 (Session Arts SO, Chapt. 23) authorizes this court to amend the writ, by striking out the name of the unnecessary party. And as it is a rule, that what may be amended by the court ex officio should, without any formal or express order of amendment, be deemed as amended nunc pro tunc, this writ should be regarded as a writ prosccuted in the name of Thomas Lillard alone.
j}l]t the defendant in error has pleaded in abatement that Thomas Lillard, the plaintiff, had died prior to the impetration of the writ, and, that fact being admitted, the only question submitted to the court is, whether the writ is thereby abated?
The fact admitted, proves that the writ was false and misconceived as to thc true party who should be plaintiff. This error is not amendable and is la-ta!.
Wherefore the writ of error must be quashed.